WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>v.<br><br>Michael Leroy Witt,<br><br>                Defendant. | CR-23-00389-TUC-JCH (EJM)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Defendant Michael Leroy Witt's Motion for a Bill of Particulars. (Doc. 33.) For the reasons stated below, this Court recommends that the District Court deny the motion.

**Factual Background**

On February 20, 2023, the defendant was arrested for alien smuggling. The probable cause for the arrest is set forth in a criminal complaint dated February 21, 2023, which charges the defendant with one count of transportation of illegal aliens for financial gain and placing the life of any person in jeopardy. (Doc. 1, Complaint.) Specifically, on February 20, 2023, Border Patrol agents (agents) observed a black Chevrolet Sonic traveling eastbound on State Route (SR) 82. *Id*. The vehicle had heavy tint with only one male visible. *Id.* It was traveling at speeds of roughly 45 miles per hour in a posted 65 miles per hour zone. *Id.* The agents followed the vehicle and ran the plates, alerting them that the car had previously been used for transporting non-citizens into the United States. *Id*.

The agents activated both the lights and siren on their vehicle to initiate the stop. *Id*. Witt initially yielded, rolled the window down, and signaled for the agents to pass him. *Id.* Eventually, Witt pulled off to the side of the road.

Upon looking into the vehicle, the agents noticed what appeared to be individuals hiding in the back of the car. *Id*. The agents instructed Witt to roll the back windows down and then to turn off the vehicle. *Id.* Witt refused, causing one agent to reach into the car. Witt then drove off into oncoming traffic with the agent lodged in the car driver's side window. *Id.* The agent, while hanging outside of the car, used force to cause Witt to pull over and come to a complete stop. *Id.* The agents then drew their weapons and placed Witt under arrest.

On March 22, 2023, a federal grand jury sitting in Tucson, Arizona, returned a four-count indictment against the defendant. Count One charges the defendant with Assault on a Federal Officer, in violation of 18 U.S.C. §§ 111(a) and (b). The assault charge specifically alleges that the defendant "did intentionally and forcibly assault, resist, oppose, impede, intimidate, and interfere with" a Border Patrol agent performing his official duties, "and such act involved physical contact and in doing so inflicted bodily injury." Count Two charges the defendant with Conspiracy to Transport Illegal Aliens for Profit Placing in Jeopardy the Life of Any Person, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), (a)(1)(A)(ii), (a)(1)(B)(i), and (a)(1)(B)(iii). Counts Three and Four charge the defendant with Transportation of Illegal Aliens for Profit Placing in Jeopardy the Life of Any Person, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), (a)(1)(B)(i), and (a)(1)(B)(iii). Counts Two, Three, and Four all allege that the defendant's actions "caused serious bodily injury to or placed in jeopardy the life of any person." However, those counts do not specify the injury that was sustained, or to whom, or the person or persons whose life or lives were placed in jeopardy.

## The Instant Motion

The defendant argues that a Bill of Particulars is necessary for him to adequately prepare for trial. (Doc. 33.) The defendant claims that all four counts are vague and

ambiguous, leaving the defense with numerous questions surrounding the charges. *Id*. Regarding Count One, the defense requests the government disclose the manner in which the assault occurred; whether the car was a deadly or dangerous weapon; when the injury to the agent occurred; and the bodily injury inflicted on the agent. The defense also points out that the disclosure reflects minimal injuries to the agent.

With respect to Counts Two, Three, and Four, the defense seeks information about the alleged serious bodily injury that Witt caused; the act that allegedly caused the serious injury; how the defendant placed the life of any person in danger; and whose life was placed in jeopardy. *Id.* at 2-3. The defense notes that the disclosure does not reflect that the material witnesses sustained any injury; in fact, both witnesses confirmed that they were not injured, did not need medical attention, and did not fear for their lives.

In its Response, the government argues that a Bill of Particulars is not required because the defendant has already been provided with "voluminous information" about the facts that led to the charges and the government's theory of the case. (Doc. 34 at 4.) The government first points out that:

> [t]he complaint filed at the outset of the case details the events giving rise to the charges in the indictment, including the defendant's refusal to place the vehicle in park, resisting the agent's attempt to detain him, and accelerating the vehicle into the oncoming lane of traffic while the agent was trapped in the driver's side window/door.

The government argues that the factual detail set forth in the Complaint, along with the allegations in the Indictment, are more than sufficient to enable the defendant to understand the nature of the charges, minimize surprise, and prevent a double jeopardy violation. *Id.* at 4-5.

Additionally, the government contends the information provided to the defendant through discovery "is more than sufficient to inform the defendant of the government's theory of the facts of the case and to enable him to prepare a defense thereto." *Id*. at 5. Specifically, the defendant has been provided with agent reports, medical records, witness statements, a drawing made by a witness of the path of the vehicle, and photographs of

injuries, the vehicle, and the road and surrounding area. The government also points out that the two material witnesses have already provided sworn testimony at video depositions. Finally, the government maintains that the request for a Bill of Particulars is based not on the need for information to understand the charges, but rather, the defendant's belief that the charges are not warranted.

## **Discussion**

A Bill of Particulars serves several purposes: it enables adequate trial preparation, it reduces surprise, and it prevents double jeopardy from occurring. *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). However, in order to adequately prepare for trial, a defendant only needs to know the "theory of the government's case," and not "all the evidence the government intends to produce." *Cook v. United States,* 354 F.2d at 531. "Full discovery will obviate the need for a bill of particulars." *United States v. Long,* 706 F.2d 1044, 1054. As discussed below, that is the case here.

The Court first notes that it agrees with the government that several of the defendant's Bill of Particulars requests go more toward his belief that the charges are not supported by the evidence, rather than a need for information to understand and defend against the charges. For instance, the defendant's claim that the material witnesses did not fear for their lives goes to whether the allegation of putting a person's life in jeopardy is supported by the evidence, and not a need for additional information. Likewise, the alleged minimal injuries to the agent goes to whether the evidence supports the allegation that the defendant in fact inflicted serious bodily injury or even bodily injury to the agent. The defense is not claiming that the government is withholding information about other injuries to surprise the defense at trial and affect their ability to present a defense.

The request for a Bill of Particulars in the case at hand is surprising given the detail set forth in the Complaint about the alien smuggling event, as well as the assault on the agent, even though that offense is not charged in the Complaint. More importantly, it appears that the government has essentially provided open-file discovery to ensure that the defense can adequately prepare for trial and is not surprised by any evidence that the

government will seek to introduce at trial. Finally, unlike most trials, the trial testimony of the material witnesses about the alien smuggling event and assault is already known to the defense.

The government's theory or theories of how the offenses were committed is quite apparent to the Court. As to the assault charge, the defendant intentionally and forcibly used his vehicle – *i.e.*, driving away into oncoming traffic with the agent stuck in the window – to inflict bodily injury on the agent. The defendant's complaint that the Indictment lists six manners of committing the offense – "assault, resist, oppose, impede, intimidate, and interfere" – ignores the well-established law that the government can charge in the conjunctive and prove in the disjunctive. Thus, the government's theory at trial can be that the defendant committed the offense by doing all, some, or only one of these acts. The defense does not cite case law to the contrary. And, once again, the defendant's complaints about the minimal injuries to the agent go to the strength of the evidence; there is apparently no other injury to disclose. Thus, a Bill of Particulars is not needed because the defense has been provided with sufficient information to adequately defend against the assault charge.

With respect to Counts Two through Four, the Indictment alleges that the alien smuggling event "caused serious bodily injury to or placed in jeopardy the life of any person." As with the assault offense, the government need only prove a "serious bodily injury" occurred or that the life of a person was placed in jeopardy, not both. Again, the agent's injuries are already known to the defense. Whether the agent's injuries constitute a "serious bodily injury" under the controlling law will be determined by a jury at trial, assuming the government proceeds on this theory. And it seems quite clear that the government will not be arguing that the material witnesses suffered a "serious bodily injury."

The government's more likely argument that a person's life was placed in jeopardy during the alien smuggling event can be shown in two independent ways, and the government need not pick one or the other. The first is the agent's life was placed in

jeopardy by the defendant's driving behavior. The second is that the lives of the material witnesses were placed in jeopardy because they were being transported lying down in the backseat without seat belts, coupled with the defendant driving into oncoming traffic while trying to flee from law enforcement. The government routinely makes this argument in alien smuggling prosecutions regardless of whether material witnesses feared for their safety. Perhaps that argument is not supported by the evidence, but a Bill of Particulars is not going to help in that regard. The defendant has notice of both theories, and as such, can prepare a defense on both and will not be surprised at trial.

**Conclusion**

The information provided by the government to the defendant is sufficient to enable the defense to adequately prepare for trial, avoid surprises, and prevent a double jeopardy violation. Accordingly, the Court recommends that the District Court deny the Motion for a Bill of Particulars.

Pursuant to 28 U.S.C. §636(b) and Rule 59(b)(2) of the Federal Rules of Criminal Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. No reply shall be filed unless leave is granted from the District Court. If objections are filed, the parties should use the following case number: **CR-23-00389-TUC-JCH**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge in accordance with Fed. R. Crim. P. 59 may result in waiver of the right of review.

Dated this 11th day of July, 2023.

Eric J. Markovich
United States Magistrate Judge