**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-23-00389-001-TUC-JCH (EJM) |
| Plaintiff, | **ORDER** |
| v. | |
| Michael Leroy Witt, | |
| Defendant. | |

On May 12, 2023, Defendant filed a "Motion for Bill of Particulars." Doc. 33. The Motion was fully briefed. Docs. 34, 35. Before the Court is Magistrate Judge Markovich's Report and Recommendation ("R&R"). Doc. 39. The R&R recommends that the Court deny Defendant's Motion. Doc. 39 at 1. Defendant objected primarily by incorporating his arguments raised before Judge Markovich, Doc. 41 at 2, and the Government responded entirely by incorporating its arguments raised before Judge Markovich. *See* Doc. 42 (citing Doc. 34).

**I.    Legal Standards**

    **a.  R&R Review Standard**

A district court reviews objected-to portions of an R&R de novo. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

    **b.  Bill of Particulars**

The Court may, in its sound discretion, direct the Government to produce a bill of

particulars—a formal written statement providing details of a defendant's charges. *See Will v. United States*, 389 U.S. 90, 98–99 (1967); *Cook v. United States*, 354 F.2d 529, 531 (9th Cir. 1965); Fed. R. Crim. P. 7(f). A bill of particulars may enable adequate trial preparation, reduce surprise, and prevent double jeopardy from occurring. *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). But a defendant need only know the "theory of the government's case," not "all the evidence the government intends to produce." *Cook*, 354 F.2d at 531.

**II.     Analysis**

Defendant does not object to Judge Markovich's statement of facts, description of Defendant's underlying Motion, or rule statement. *Compare* Doc. 39 at 1–4, *with* Doc. 41. The Court can find no error in them and will adopt them in full.

Incorporating arguments raised before Judge Markovich, Defendant primarily objects to the R&R's conclusion that "the defense has been provided with sufficient information to adequately defend against the assault charge." Doc. 41 at 2 (citing Docs. 33, 35). More specifically, Defendant argues that "[c]ontrary to what the Magistrate Judge suggests, it is not apparent what theory the government is pursuing." Doc. 41 at 3. Defendant argues that the Government "has failed to identify what act caused the injuries of each alleged victim(s), what bodily injury was sustained, or when the injury occurred." *Id.* Defendant further argues that the "indictment equally fails to indicate how and whose life the defendant allegedly endangered." *Id.*

The Court disagrees. As described in the Complaint, Indictment, and the R&R, the Government's case is based on facts suggesting that Defendant tried to drive off with a border patrol agent hanging onto him and with two illegal aliens concealed in his back seat. *See* Doc. 1 at 1–2; Doc. 18 at 1–3; Doc. 39 at 1–2. As the R&R observed, Defendant's questions have more to do with the sufficiency and weight of the evidence than the Government's theory. *See* Doc. 39 at 4. For example, Defendant objects that Count One is vague essentially because Defendant does not think it meets the definition of assault. *See* Doc. 33 at 2; Doc. 35 at 2; Doc. 41 at 2–3. Likewise, for Counts 2–4 Defendant asks:

> What "serious bodily injury" did [Defendant] cause? To what person specifically? What is the act [Defendant] is accused of doing that caused "serious bodily harm"[?] [Counts 2–4] make[] no mention of any specific person.

*See* Doc. 33 at 2–3; Doc. 35 at 2–3. Counts Two through Four state that Defendant conspired to transport illegal aliens for financial gain, "during and in relation to which [he] caused serious bodily injury to or placed in jeopardy the life of any person, all in violation of Title 8, United States Code, [various subsections of] Sections 1324(a)(1)[(A) & (B)]." Doc. 18 at 2. Defendant argues that these charges are vague because "[the illegal aliens] testified that they were not hurt, and … the agent sustained only 'bruising' and 'a cut.'" Doc. 35 at 3. Defendant wonders, "Is the term 'any person' alluding to the aliens …?" *Id.*

The Court is not similarly puzzled. The Government will prevail if it proves in relevant part that "any" person was injured or placed in jeopardy. The defense must therefore establish that "no" person was injured or placed in jeopardy. *Cf. United States v. Abascal*, 564 F.2d 821, 832 (9th Cir. 1977) (The government may charge in the conjunctive form that which the statutes denounce disjunctively, and evidence supporting any one of the charges will support a guilty verdict."); *see also, e.g.*, *United States v. Ellis*, 121 F. Supp. 3d 927, 941 (N.D. Cal. 2015) ("[E]videntiary details sought by defendants, such as 'the basic who, what, when, where and why of the crimes alleged,' fall within the scope of discovery and do not warrant a bill of particulars."). Defendant has benefited from substantial discovery, and objects to ambiguities that will not hamper his defense. This case is different from the case Defendant emphasized in his Motion. *See* Doc. 33 at 5 (citing *United States v. Alvarez*, No. 14-CR-00120 EMC (NC), 2014 WL 7240670, at *1 (N.D. Cal. Dec. 19, 2014)). Unlike in *Alvarez,* here there are not 17 defendants charged with 19 counts of conspiracy where the defense needs critical details to understand which count (and associated meeting) relates to which defendant. Here it's just Defendant, charged with causing or risking injury in connection with a conspiracy to transport illegal aliens.

Thus, after de novo review the Court will overrule Defendant's objections, adopt the R&R in full, and exercise its discretion to deny Defendant's motion for a bill of particulars.

### III. Order

Accordingly,

**IT IS ORDERED OVERRULING** Defendant's objections (Doc. 42).

**IT IS FURTHER ORDERED ADOPTING IN FULL** the R&R (Doc. 39).

**IT IS FURTHER ORDERED DENYING** Defendant's Motion (Doc. 33).

Dated this 11th day of September, 2023.

John C. Hinderaker
United States District Judge