WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>v.<br>Michael Leroy Witt,<br>Defendant. | No. CR-23-00389-001-TUC-JCH (EJM)<br>**ORDER** |

Before the Court are the Government's "Motion in Limine to Admit Material Witnesses' Video Depositions," Doc. 103, and "Motion in Limine to Admit Defendant's Prior Felony Convictions." Doc. 104. In his trial brief, Defendant stated that he had no objection to the Video Deposition MIL and that the Prior Felony MIL was irrelevant because Defendant did not intend to testify at trial. Doc. 118 at 1. But Defendant then filed an untimely response to the Prior Convictions MIL, Doc. 128, and explained at the final pretrial conference that he in fact does object to aspects of the Video Deposition MIL. *See* Doc. 138 Hearing Transcript. The Court took both MILs under advisement, *see id.*, and this is its resolution of them.

**I.   Video Deposition MIL (Doc. 103).**

The Government seeks to admit the videotaped depositions of two unavailable material witnesses. *See* Doc. 103 at 1. The Government also seeks a ruling on Defendant's objections to certain portions of the depositions. *See id.* at 1, 3–4. At the final pretrial conference, Defendant clarified that he also seeks a ruling on his objections to the

depositions. *See* Doc. 138 Hearing Transcript.

Videotaped depositions may be introduced at trial if the witnesses are unavailable due to deportation or removal, provided they were available for cross-examination and the deposition otherwise complies with the Federal Rules of Evidence. 8 U.S.C. § 1324(d). Leading questions are not permitted on direct examination except as necessary to develop the witness's testimony. Fed. R. Evid. 611(c).

First, the Court will grant in part the Government's motion to admit the videotaped depositions under 8 U.S.C. § 1324(d). The witnesses are unavailable, and the deposition otherwise complies with the Federal Rules of Evidence except in one respect, discussed next.

Second, the Court will deny in part the Government's Motion because two of its objected questions were impermissibly leading. The Government's Motion specifies three sets of questions to which Defendant objected. Defendant's objection to the first question is overruled. *See* Doc. 103 at 3:15–17. The question is not impermissibly leading. Defendant's objection to the second set of questions is also overruled. *See id.* at 3:19–28. These questions are primarily clarifying, not leading. But Defendant's objection to the third set of questions is sustained. *See id.* at 4:3–7. The Government's questions there are impermissibly leading because they supply large amounts of information and require only yes or no answers. The Court will direct the Government to redact or otherwise omit the testimony of Material Witness Juarez-Franco with respect to those questions.

## II. Prior Convictions MIL (Doc. 104).

The Government seeks to admit two of Defendant's prior felony convictions for drug offenses and an associated failure to appear. Doc. 104 at 1–2. Defendant was sentenced in 2011 to imprisonment for concurrent terms of ten years, nine months, five years, and three years for these offenses. *See id.* Defendant was released on parole from the longest of these convictions in July 2021. *See id.* The Government also submits that it does not oppose sanitizing the convictions. *See id.* at 3.

A prior conviction may be used to impeach a defendant at trial if (1) the prior crime

is one punishable by imprisonment in excess of one year; (2) less than ten years has passed since the date of conviction or release from confinement imposed for that conviction; and (3) the probative value of admitting the evidence outweighs its prejudicial effect on the accused. Fed. R. Evid. 609. To determine whether the probative value outweighs the prejudicial effect, the Court considers: (1) the impeachment value of the prior crimes; (2) the point in time of the convictions and the witness' subsequent history; (3) the similarity between the past crimes and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue. *United States v. Browne*, 829 F.2d 760, 762–63 (9th Cir. 1987).

If Defendant takes the stand to contest his guilt, his prior convictions will be admissible under the Federal Rules of Evidence and the *Browne* factors. First, Defendant's convictions were punishable by more than one year. That is true even though punishment for one offense was less than one year. Second, Defendant's release from confinement was less than ten years ago for each of his convictions. Third, the probative value outweighs the prejudicial effect because (1) prior convictions for drug offenses are probative of truthfulness, (2) Defendant was arrested for his current charged crimes shortly after being released from his previous convictions, (3) the past crimes and the charged crimes are different, and (4) and (5) Defendant's testimony and credibility—should he take the stand—will be central to his defense.

Defendant objects that his prior convictions are more prejudicial than probative because he was convicted more than ten years ago, and because the crimes were different from those charged in this case. *See* Doc. 128 at 4. Defendant asks the Court at least to sanitize the convictions. *Id.* Defendant's objections are overruled because (1) a conviction is admissible if the *release* is less than ten years old, and (2) the prejudicial effect is *decreased*, not increased, by the dissimilarity between the charged offense and convicted offenses. *See United States v. Browne*, 829 F.2d 760, 763 (9th Cir. 1987). Because the prejudicial effect is decreased by dissimilarity, the Court will not sanitize the convictions. But the Court will add a limiting instruction directing the jury to consider Defendant's prior

convictions for impeachment purposes only.

## III.  Order

Accordingly,

**IT IS ORDERED GRANTING IN PART** the Government's Video Deposition MIL (Doc. 103), consistent with this Order's reasoning and citation.

**IT IS FURTHER ORDERED GRANTING** the Government's Prior Felony MIL (Doc. 104).

Dated this 2nd day of July, 2024.

John C. Hinderaker
United States District Judge